**United States District Court**
**Eastern District of Texas**
**Marshall Division**

| | |
|---|---|
| Unilin BV, <br><br> *Plaintiff,* <br><br> v. <br><br> VILOX Sweden AB, Asia US Industrial Joint Stock Company, and East Texas Floors & More LLC, <br><br> *Defendants.* | Case No. 2:24-cv-00040-JRG <br><br><br> **JURY TRIAL DEMANDED** |

### Defendant VILOX Sweden AB's Motions in Limine

Defendant VILOX Sweden AB ("Vilox") file these Motions in Limine to exclude inadmissible, irrelevant, or prejudicial matters at trial. Vilox respectfully requests the Court instruct Plaintiff Unilin BV ("Unilin"); Defendants Vilox, Asia US Industrial Joint Stock Company ("AMY"), and East Texas Floors & More LLC ("East Texas Floors") (collectively, the "Parties"); their counsel; and all witnesses not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters described below without first obtaining a ruling from the Court outside the presence and hearing of the jury, and to instruct all parties and counsel to warn and caution each witness to follow the same instruction.

## VILOX'S MOTIONS IN LIMINE

**1.**     **Preclude any discussion of the Joint Stipulation between Unilin and Vilox, including as evidence of mental state or knowledge of infringement, or any other reason.**

Unilin seeks to use the Joint Stipulation as evidence of (1) Vilox's pre-Stipulation mental state required for induced infringement and (2) AMY's and East Texas Floor's tacit agreement that the Accused Products infringe. In the Stipulation, Vilox agreed the Accused Products read on the asserted claims:

> Vilox stipulates for the purposes of this action that Vilox-licensed products imported and/or sold in the United States by its licensees satisfy each element of Claims 1-7 of U.S. Patent 9,890,542, Claims 1-9 and 13 of U.S Patent No. 11,505,949, Claims 1-27 of U.S. Patent No. 11,933,055, and Claims 1-4 and 7-21 of U.S. Patent No. 12,012,764.[1]

The parties entered the Stipulation to streamline the case, eliminate discovery disputes, and drop validity defenses. Thus, discussion of the Stipulation runs afoul of the Court's MIL #1 (precluding evidence of pretrial proceedings including but not limited to discovery disputes or dropped claims or defenses).[2] Second, the Stipulation has nothing to do with any party's mental state—the Court should reject Unilin's attempt to use the Stipulation as substantive evidence of disputed issues.[3] Third, Unilin's expert improperly uses the Stipulation to opine on what Vilox knew, which is improper.[4] Fourth, AMY and East Texas floors never agreed to the Stipulation—so discussing it in front of the jury risks significant unfair prejudice to both those defendants.

**2.**     **Preclude discussion of Unilin's patent license agreements reflecting a ▮▮▮▮▮ ▮▮▮▮▮▮▮ rate for the Asserted Patents.**

Unilin should not argue or have a witness testify that Unilin's license agreements "contain or 'reflect' specific royalty rates because the documents speak for themselves and neither provides

---

[1]   Dkt. #111; *see also* Dkt. #138 (Order granting same).

[2]   *See* J. Gilstrap's First Amended Standing Order on Motions in Limine for Patent Cases.

[3]   *See VLSI Tech. LLC v. Intel Corp.*, 706 F. Supp. 3d 953, 977 (N.D. Cal. 2023) (holding that a stipulation addressing nexus "cannot be used as evidence" that Intel met a testing limitation).

[4]   *See* Vilox's MIL #4.

for an applicable royalty rate."[5] Unilin's license agreements are ███████████ containing ███ ███ of patents, with numerous patents within the "█████████" or "█████████" technology—the category that Rowe says applies here. Like the agreements in *MLC*, Unilin's license agreements do not factually attribute an █████████ figure to the Asserted Patents, as opposed to a ████████████████████████████████████████████.

Neither Ms. Rowe nor Mr. Phillips conducted comparability or apportionment analyses between the Unilin licenses and the Asserted Patents—further lessening the probative value of those licenses. Indeed, licenses are admissible only if they are sufficiently comparable in technology and economic context to the hypothetical negotiation; otherwise, they anchor the jury and must be excluded or tightly cabined.[6] Absent a reliable Rule 702 foundation, the danger of prejudice and juror anchoring substantially outweighs any probative value.[7]

**3.      Preclude any expert from testifying that the Asserted Patents were ██████ ████████████████████████████████████████████████████████**

Unilin tries to skirt its apportionment requirement by having its experts opine that the Asserted Patents were ████████████████████████████████████████████████████. The Federal Circuit has repeatedly held these "qualitative" analyses are insufficient evidence to support a portfolio rate applying to a subset of asserted patents.[8] Unilin should not be allowed to back-door its qualitative analyses to skew the jury in favor of its portfolio rate.

---

[5]  *MLC Intell. Prop., LLC v. Micron Tech., Inc.* (*MLC I*), No. 14-CV-03657, 2019 WL 2863585, at *13 (N.D. Cal. July 2, 2019) (granting MIL that expert could not opine that licenses "reflected" amount).

[6]  *See LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 79–80 (Fed. Cir. 2012) (rejecting "loose or vague" comparability; damages proof must be "carefully tie[d]" to the claimed invention's footprint); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325–28 (Fed. Cir. 2009) (requiring economic and technological linkage); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328–29 (Fed. Cir. 2014) (criticizing use of non-comparable licenses and methodologies).

[7]  Fed. R. Evid. 403, 702.

[8]  *See, e.g., Jiaxing Super Lighting Elec. Appliance, Co., Ltd. v. CH Lighting Tech. Co., Ltd*, 146 F.4th 1098, 1112 (Fed. Cir. 2025); *Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015); *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1344 (Fed. Cir. 2025).

**4.      Preclude any expert witness from testifying on what a party knew, intended, or deliberately did.**

Unilin seeks to have its technical expert opine on intent and the ultimate issue of inducement. Both are improper. "[E]vidence of intent ... is required to prove induced infringement."[9] But "experts are precluded from testifying as to whether Defendants possessed the requisite knowledge or intent for indirect infringement."[10] "[I]t is improper for an expert to opine as to the subjective belief or intent of a corporate entity."[11] Indeed, "the question of intent is a classic jury question and not one for the experts."[12] Furthermore, "intent, motives or states of mind of corporations . . . have no basis in any relevant body of knowledge or expertise."[13] "This is improper and unhelpful to the jury."[14]

**5.      Preclude any argument or testimony that Vilox directly or contributorily infringed the Asserted Patents.**

The argument and opening statement proffered at trial should match the underlying evidence. First, Unilin's damages expert admits Vilox does not directly infringe. Similarly, Unilin's technical expert likewise does not opine that Vilox directly infringes by making, using, selling, or importing the Accused Products. Further, Unilin's technical expert has identified no component shipped by Vilox to the United States sufficient for contributory infringement. Yet his opinion states Vilox "contribut[es]" to infringement. Thus, the Court should preclude any opening statement or argument untethered to the trial record, because it "is fundamentally unfair to an opposing party to allow an attorney, with the standing and prestige inherent in being an officer of the court,

---

[9]  *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1351 (Fed. Cir. 2009), *amended on reh'g in part*, 366 F. App'x 154 (Fed. Cir. 2009).

[10]  *Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD.*, 684 F. Supp. 3d 570, 578 (E.D. Tex. 2023).

[11]  *Gree, Inc. v. Supercell Oy*, No. 2:19-CV-00071-JRG-RSP, 2020 WL 4059550, at *2 (E.D. Tex. July 20, 2020).

[12]  *Retractable Techs. Inc. v. Abbott Labs., Inc.*, No. 5:05-cv-157, 2010 WL 11531436, at *5 (E.D. Tex. June 18, 2010).

[13]  *Id.* (citations omitted).

[14]  *Id.* ("[T]he question of intent is a classic jury question and not one for the experts."); *Gree*, 2020 WL 4059550, at *2.

to present to the jury statements not susceptible of proof but intended to influence the jury in reaching a verdict."[15]

## CONCLUSION

For the reasons stated above, Vilox respectfully requests the Court instruct the Parties, their counsel, and all witnesses, not to mention, refer to, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters described above without first obtaining the permission of the Court outside the presence and hearing of the jury.

---

[15] *United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J. concurring) (discussing opening statement); *see also In re Isbell Recs., Inc.*, 774 F.3d 859, 872 (5th Cir. 2014) (ordering new trial when closing argument advanced material facts "false or without basis in the record.").

October 14, 2025

Respectfully submitted,

**GRIFFITH BARBEE PLLC**

/s/ *Casey Griffith*

Casey Griffith
Texas Bar No. 24036687
Casey.Griffith@griffithbarbee.com

Kirk Voss
Texas Bar No. 24075229
Kirk.Voss@griffithbarbee.com

Joshua Yun
Texas Bar No. 24120335
Joshua.Yun@griffithbarbee.com

One Arts Plaza
1722 Routh St., Ste. 910
Dallas, Texas 75201
(214) 446-6020 | main
(214) 446-6021 | fax

**Counsel for Defendant VILOX Sweden AB**

## CERTIFICATE OF SERVICE

The undersigned certifies this document was filed electronically in compliance with the Court's Local Rule CV-5. Additionally, under Local Rule CV-5(a)(7)(D), the undersigned certifies this document was served on all counsel of record via email on October 14, 2025.

/s/ *Casey Griffith*

Casey Griffith

## CERTIFICATE OF CONFERENCE

The undersigned certifies counsel for Vilox have complied with the meet-and-confer requirement in Local Rule CV-7(h). On October 10, 2025, Joshua Yun (counsel for Vilox) virtually met with Brady Cox, Shri Abhyankar, and Carter Babaz (counsel for Unilin); Joseph Meckes and Elizabeth DeRieux (counsel for AMY); and Jennifer Ainsworth (counsel for East Texas Floors). The Parties discussed Unilin's and Vilox's respective proposed MILs. Both Vilox and Unilin are opposed to each others' MILs. AMY reserved the right to join Vilox's opposition. East Texas Floors indicated its intent to adopt the other Defendants' positions. Thus, the Motions are presented to the Court for consideration.

/s/ *Casey Griffith*

Casey Griffith

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Under Local Rule CV-5(a)(7)(B), the undersigned certifies this document is authorized to be filed under seal per the Protective Order entered in this case [Dkt. #56].

/s/ *Casey Griffith*

Casey Griffith