**United States District Court**
**Eastern District of Texas**
**Marshall Division**

| | |
|---|---|
| UNILIN BV, <br><br> *Plaintiff,* <br><br> v. <br><br> VILOX SWEDEN AB, ASIA US INDUSTRIAL JOINT STOCK COMPANY, AND EAST TEXAS FLOORS & MORE LLC, <br><br> *Defendants.* | Case No. 2:24-cv-00040-JRG <br><br><br> **JURY TRIAL DEMANDED** |

### Defendant VILOX Sweden AB's Response to Unilin's Motions in Limine

Defendant VILOX Sweden AB ("Vilox") responds to Plaintiff Unilin BV's ("Unilin") Motions in Limine as follows:

1. **MIL #1: The parties shall be precluded from introducing evidence, testimony, or argument about allegations of unfair competition, antitrust, or attempts to put competitors out of business.**

   **Vilox's Response:** Vilox agrees to MIL #1.

2. **MIL #2: The parties shall be precluded from introducing evidence, testimony, or argument regarding attempts to "harass" the customers or licensees of any party.**

   **Vilox's Response:** Vilox agrees to MIL #2.

3. **MIL #3: The parties shall be precluded from introducing evidence, testimony, or argument regarding overall market share not directly relevant to any damages theory.**

   **Vilox's Response:** Unilin's attempt to exclude market share evidence is too sweeping. Market share can be probative in multiple respects: it can test the assumptions underlying Unilin's damages expert, it can provide context for the hypothetical negotiation, and it can demonstrate the

████████████████████████████

economic realities of competition between the parties. Competitive dynamics—including relative market position—are relevant to the reasonable royalty analysis.[1] And lay witnesses (for both Unilin and Vilox) will need to build that foundation for the jury.

Knowing this, Unilin attempts to narrow the MIL to market share discussion "*not directly relevant* to any damages theory." But that proscription is too vague to enforce at trial. It invites Unilin to object to any cross-examination or argument that it dislikes, even if it only remotely touches upon the economic footprint of the parties, and even if it bears on credibility, context, or the assumptions underlying Unilin's damages expert's opinion—especially in testimony from lay witnesses. And Rule 401 does not impose a "direct" relevance standard, only that evidence have "any tendency" to make a fact of "more or less probable."[2] Evidence of market share and competition clears that low bar, particularly under the *Georgia-Pacific* framework, which considers the commercial relationship between the parties and their positions in the marketplace. To allow exclusion on the amorphous ground of "not directly relevant" would improperly shift the gatekeeping role from the Court to Unilin's trial counsel.

Further, Unilin devotes much of MIL #3 to warning against a "David v. Goliath" narrative. But Vilox has not sought to advance such rhetoric, nor does it intend to. That is a strawman— arguing against a tactic Vilox never proposed. What Vilox does intend is to test the foundation of Unilin's damages case with legitimate economic evidence, argument, and testimony. Excluding them under the guise of preventing a "David v. Goliath" story seeks to preclude cross-examination and argument on grounds Vilox never raised.

## CONCLUSION

For the reasons stated above, Vilox respectfully requests the Court deny Unilin's Motions in Limine.

---

[1]  *Georgia-Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (factors 5 and 8).
[2]  Fed. R. Evid. 401.

October 27, 2025

Respectfully submitted,

**GRIFFITH BARBEE PLLC**

/s/ *Casey Griffith*

Casey Griffith
Texas Bar No. 24036687
Casey.Griffith@griffithbarbee.com

Kirk Voss
Texas Bar No. 24075229
Kirk.Voss@griffithbarbee.com

Joshua Yun
Texas Bar No. 24120335
Joshua.Yun@griffithbarbee.com

One Arts Plaza
1722 Routh St., Ste. 910
Dallas, Texas 75201
(214) 446-6020 | main
(214) 446-6021 | fax

**Counsel for Defendant VILOX Sweden AB**

## CERTIFICATE OF SERVICE

The undersigned certifies this document was filed electronically in compliance with the Court's Local Rule CV-5. Additionally, under Local Rule CV-5(a)(7)(D), the undersigned certifies this document was served on all counsel of record via email on October 27, 2025.

/s/ *Casey Griffith*

Casey Griffith

/s/ *Casey Griffith*

Casey Griffith