**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **UNILIN BV,** | |
| *Plaintiff*, | |
| **v.** | CIVIL ACTION NO. 2:24-cv-00040-JRG |
| **VILOX SWEDEN AB, ASIA US INDUSTRIAL JOINT STOCK COMPANY, and EAST TEXAS FLOORS & MORE LLC,** | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

**UNILIN'S RESPONSE IN OPPOSITION TO DEFENDANT VILOX SWEDEN AB'S
MOTIONS *IN LIMINE***

███████████████████████████████

## TABLE OF CONTENTS

**I.      MIL #1: Preclude any discussion of the Joint Stipulation between Unilin and Vilox, including as evidence of mental state or knowledge of infringement or any other reason.**................................................................................................1

**II.     MIL #2: Preclude discussion of Unilin's patent license agreements reflecting a ████████████████ rate for the Asserted Patents.**......................................4

**III.    MIL #3: Preclude any expert from testifying that the Asserted Patents were ██████████████████████████████████ for Unilin's patent licensing program.** ................................................................................................................7

**IV.     MIL #4: Preclude any expert witness from testifying on what a party knew, intended, or deliberately did.** .............................................................................10

**V.      MIL #5: Preclude any argument or testimony that Vilox directly or contributorily infringed the Asserted Patents.**..................................................12

**CONCLUSION** .............................................................................................................13

i

████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

<span style="font-variant: small-caps;">CASES</span>

*Abstrax, Inc. v. Dell, Inc. et al.*,
No. 2:07-cv-00221-DF-CE Dkt. 284 (E.D. Tex. Oct. 9, 2009) ..................................................4

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD.*,
684 F. Supp. 3d 570 (E.D. Tex. 2023) ...............................................................................11, 12

*Atlas Global Techs. LLC v. TP-Link Techs. Co.*,
No. 2:21-cv-00430-JRG-RSP, 2023 U.S. Dist. LEXIS 148320 (E.D. Tex. Aug. 4, 2023) ...........................................................................................................................................1

*Brazos River Auth. v. GE Ionics, Inc.*,
469 F.3d 416 (E.D. Tex. Nov. 6, 2006) ..............................................................................2, 8

*Commonwealth Sci. & Indus Rsch. Org. v. Cisco Sys., Inc.*,
809 F.3d 1295 (Fed. Cir. 2015)...........................................................................................8, 10

*Core Wireless Licensing S.a.r.l v. LG Electronics, Inc. et al.*,
No. 2:14-cv-00912, Dkt. 108 (E.D. Tex. Feb. 21, 2019)...........................................4, 7, 10, 12

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)...................................................................................................... passim

*EcoFactor, Inc. v. Google LLC*,
137 F.4th 1333 (Fed. Cir. 2025) .............................................................................................8, 9

*Enplas Display Device Corp. v. Seoul Semiconductor Co.*,
909 F.3d 398 (Fed. Cir. Nov. 19, 2018)......................................................................................1

*GREE, Inc. v. Supercell Oy*,
No. 2:19-cv-00070-JRG-RSP, 2020 U.S. Dist. LEXIS 132122 (E.D. Tex. July 27, 2020) ................................................................................................................................6, 8, 11

*Gree, Inc. v. Supercell Oy*,
No. 2:19-CV-00071-JRG-RSP, 2020 U.S. Dist. LEXIS 126913 (E.D. Tex. July 20, 2020) ......................................................................................................................................11

*Jiaxing Super Lighting Elec. Appliance, Co., Ltd. v. CH Lighting Tech. Co., Ltd.*,
146 F.4th 1098 (Fed. Cir. 2025) .............................................................................................8, 9

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012)...................................................................................................5, 7

*Lone Star Technological Innovations, LLC v. ASUS Computer International et al.*,
   No. 6:19-cv-00059-RWS Dkt. No. 324 (E.D. Tex. June 23, 2022)..........................................5

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009)...............................................................................................7

*Maxell ltd. v. Apple Inc.*,
   No. 5:19-cv-0036-RWS Dkt. 634 (E.D. Tex. Feb. 26, 2021)...................................................12

*MLC Intell. Prop., LLC v. Micron Tech., Inc. (MLC I)*,
   No. 14-cv-03657, 2019 U.S. Dist. LEXIS 110882 (N.D. Cal. July 2, 2019) ...........................6

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l*,
   711 F.3d 1348 (Fed. Cir. 2013) *overruled in part on other grounds Brumfield v. IBG
   LLC*, 97 F.4th 854 (Fed. Cir. 2024) ........................................................................................3

*Retractable Technologies, Inc. v. Becton Dickinson and Company*,
   No. 2:08-cv-00016-ALM, Dkt. 488 (E.D. Tex. Aug. 14, 2013).............................................10

*Retractable Techs. Inc. v. Abbott Labs, Inc.*,
   No. 5:05-cv-157, 2010 U.S. Dist. LEXIS 152797 (E.D. Tex. June 18, 2010) ........................11

*TransData, Inc. v. Centerpoint Energy Houston Electric LLC et al.*,
   No. 6:10-cv-00557-RWS-JDL Dkt. No. 262 (E.D. Tex. July 1, 2016) ....................................4

*VirnetX, Inc. v. Cisco Sys., Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014)................................................................................................7

**RULES**

Fed. R. Evid. 403 .................................................................................................................2, 8

Fed. R. Evid. 702 .....................................................................................................................7

Fed. R. Evid. 704 ...............................................................................................................10, 12

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
| --- | --- |
| Ex. 1 | Excerpted and Highlighted Expert Report of Mr. Lee Phillips (Sept. 2, 2025) |
| Ex. 2 | Excerpted and Highlighted Expert Report of Ms. Julia Rowe (Sept. 2, 2025) |
| Ex. 3 | VILOX-EDTX-00003321 (May 15, 2023) |

**TABLE OF ABBREVIATIONS**

| | |
| --- | --- |
| Unilin or Plaintiff | Unilin BV |
| Vilox | VILOX Sweden AB |
| Amy | Asia US Industrial Joint Stock Company |
| MIL | Motion *in limine* |
| '542 Patent | U.S. Patent No. 9,890,542, Dkt. 41-1 |
| '055 Patent | U.S. Patent No. 11,933,055, Dkt. 41-3 |
| '764 Patent | U.S. Patent No. 12,012,764, Dkt. 41-4 |
| '949 Patent | U.S. Patent No. 11,505,949, Dkt 41-2 |
| Court's MIL | Judge Gilstrap's First Amended Standing Order on Motions *in Limine* in Patent Cases (Aug. 22, 2025) |
| Stipulation or Joint Stipulation | Joint Stipulation between Vilox and Unilin (Dkt. 111) and Order entering the Joint Stipulation (Dkt. 138) |
| Cox Decl. | Declaration of Brady Cox in support of Unilin's Response in Opposition to Vilox MILs |
| Vilox's Motion to Exclude or Vilox's *Daubert* Motion | Vilox's Motion to Exclude Plaintiff's Experts |
| SPC | Stone Plastic Composite |
| LOX Products | "Vilox-licensed products imported and/or sold in the United States by its licensees [which] satisfy each element" of the Asserted Claims of the Asserted Patents. *See* Dkt. 111 at ¶ 1; Dkt. 138 at ¶ 1. |

\* Unless otherwise indicated, all emphasis in this Response was added.

████████████████████████████████████████

I.      **MIL #1: PRECLUDE ANY DISCUSSION OF THE JOINT STIPULATION BETWEEN UNILIN AND VILOX, INCLUDING AS EVIDENCE OF MENTAL STATE OR KNOWLEDGE OF INFRINGEMENT OR ANY OTHER REASON.**

Discussion of the Joint Stipulation between Vilox and Unilin entered by the Court should not be excluded because (1) it is highly probative to disputed issues in the case, (2) its introduction would cause no unfair prejudice to Vilox, and (3) the purpose for which it would be introduced does not violate the Court's MIL No. 1.

*First*, Vilox seeks to "[p]reclude *any* discussion of the Joint Stipulation between Unilin and Vilox," however, within the Stipulation are highly probative facts going to key issues in the case, namely indirect and direct infringement. Vilox, as it admits in its MILs, stipulated that the "Vilox-licensed products imported and/or sold in the United States by its licensees *satisfy each element*" of the Asserted Claims of the Asserted Patents. *See* Vilox MILs at 2; *See* Dkt. 138, ¶1. This is indisputably probative of direct infringement and, since Vilox continues to oppose summary judgment on this issue, highly relevant to a disputed issue of fact. Further, as to Vilox's indirect infringement, the Stipulation offers direct evidence of Vilox's knowledge that its licensed products met the claim limitations at least as of July 3, 2025, and it offers circumstantial evidence of Vilox's knowledge before that date.[1] *See Atlas Global Techs. LLC v. TP-Link Techs. Co.*, No. 2:21-cv-00430-JRG-RSP, 2023 U.S. Dist. LEXIS 148320, at \*6-7 (E.D. Tex. Aug. 4, 2023) ("The knowledge and intent requirement for induced infringement may be established by circumstantial evidence, even in circumstances involving willful blindness.") (citation omitted); *see also Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 408 (Fed. Cir. Nov. 19, 2018) (affirming denial of JMOL where there was substantial evidence supporting a finding of knowledge and intent to induce infringement in part because at trial the alleged infringer (1) did

---

[1] Indeed, Vilox's knowledge of infringement began much earlier than that, as of at least 2020.

not dispute that it knew of the patents and (2) did not dispute that the products "it manufactured, co-developed and sold" to patent owner were covered by patent owner's patents).

Vilox's reliance on *VLSI Tech. LLC v. Intel Corp.*, an out of district case ruling on motions for summary judgment, is misplaced. *See* Vilox MILs at 2, n. 3 (citing 706 F. Supp. 3d 953, 977 (N.D. Cal. 2023)). In that case, the stipulation was conditioned on finding that a claim limitation was met. Specifically, VLSI stipulated that of the total number of products "determined (without regard to geographic consideration) to meet the technical requirements of any [asserted patent] … seventy percent (70%) thereof will be deemed to have a United States nexus as required by each subsection of 35 U.S.C. § 271." *VLSI*, 706 F. Supp. 3d. at 977. Some of the claims of the asserted patents required a measuring step which occurred during testing of the accused products. *See id.* However, VLSI was unable to point to any evidence that the testing occurred in the United States, which would be required for Intel to directly infringe the method claims. *See id.* Since meeting "the testing limitation [was] a condition of finding nexus under the stipulation, the stipulation [could not] be used as evidence of meeting the testing limitation." *See id.* This stands in stark contrast to the facts here, where Vilox unconditionally admitted that all LOX Products meet the claim limitations of the Asserted Patents. This is highly probative of issues of direct infringement and indirect infringement, and it does not present the same concerns as those present in *VLSI*. Unilin will also not introduce evidence regarding discovery disputes that preceded the stipulation.

**Second,** Vilox MIL No. 1 is silent as to any unfair prejudice that could potentially be caused by introducing Vilox's own admission. *See* Vilox MILs at 2. Indeed, there would be no prejudice to Vilox as it entered and assisted in drafting the Stipulation. It is hardly unfair to use Vilox's own stipulation against it. *See, e.g., Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (E.D. Tex. Nov. 6, 2006) ("'Unfair prejudice' as used in rule 403 is not to be equated with testimony that is

merely adverse to the opposing party. Virtually all evidence is prejudicial; otherwise it would not be material."). Vilox should not be permitted to hide the meaning of the stipulation from the Jury, and it is difficult to imagine a patent infringement trial in which the fact that Vilox has now stipulated to direct infringement of the accused products is not before the jury.

The only prejudice Vilox expressly raises in its MIL is "significant unfair prejudice" to Defendants Amy and East Texas Floors since they never agreed to the Stipulation. *See* Vilox MILs at 2. Vilox cannot assert prejudice of Amy and East Texas Floors on their behalf, and those defendants did not file any MILs. Further, Amy and East Texas Floors had an opportunity to object to the motion seeking entry of the Stipulation, and neither party did.

***Third*,** discussion of stipulated facts before the Jury is entirely proper, and it would not violate Court's MIL No. 1. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, 711 F.3d 1348, 1377 (Fed. Cir. 2013) ("This stipulation of Fairchild's domestic activity was read into evidence and considered by the jury in the infringement trial. Following the jury's infringement verdict, Fairchild's stipulation became essentially a stipulation to direct infringement.") *overruled in part on other grounds Brumfield v. IBG LLC*, 97 F.4th 854 (Fed. Cir. 2024)). The parties agree that they entered the Stipulation "to streamline the case." *See* Vilox MILs at 2. By precluding any discussion of those stipulated facts before the Jury, Vilox seeks to render the ordered Stipulation a nullity. It cannot be permitted to do so.

Unilin would not introduce evidence of the Joint Stipulation to argue that Vilox previously argued for noninfringement and patent invalidity, or to introduce the discovery disputes between the parties. *See* Court MIL No. 1. Rather, Unilin would introduce the Stipulation for the purposes of the stipulated fact that Vilox is and was aware that the LOX Products imported into the United States meet the limitations of the Asserted Claims. *See* Dkt. 138, ¶1. This is not for an improper

purpose. It will not confuse the issues before the Jury. Rather, it will streamline the issues.

Vilox MIL No. 1 should be denied.

## II.    MIL #2: PRECLUDE DISCUSSION OF UNILIN'S PATENT LICENSE AGREEMENTS REFLECTING A ████ PER-SQUARE-METER RATE FOR THE ASSERTED PATENTS.

Vilox MIL No. 2 should be denied because (1) it is an attempt to backdoor its already-filed *Daubert* Motion; (2) it seeks to exclude highly probative evidence of a reasonable royalty contemplated by the *Georgia Pacific* factors; (3) Vilox will suffer no undue prejudice by the introduction of evidence regarding the license; and (4) Vilox's reliance on case law is misplaced.

***First***, Vilox MIL No. 2 runs up against its motion to exclude testimony by Unilin's damages expert for an alleged lack of apportionment and is an improper attempt to "backdoor" its *Daubert* motion into a MIL. *See* Dkt. 141; *Core Wireless Licensing S.a.r.l v. LG Electronics, Inc. et al.*, No. 2:14-cv-00912, Dkt. 108 (E.D. Tex. Feb. 21, 2019) ("Such backdoor motions, usually impersonating *Daubert* motions, are routinely denied by the Court and are not proper as a *limine* motion."). Indeed, Vilox's MIL is rooted in *Daubert* arguments. *See* Vilox MILs at 3 ("Neither Ms. Rowe nor Mr. Phillips conducted comparability or apportionment analyses between the Unilin licenses and the Asserted Patents."). This is not proper subject matter for a MIL, and it is an improper attempt to expand Vilox's *Daubert* briefing.[2] *See Abstrax, Inc. v. Dell, Inc. et al.*, No. 2:07-cv-00221-DF-CE Dkt. 284 at 3 (E.D. Tex. Oct. 9, 2009) (denying motion *in limine* where defendant "reurge[d] its *Daubert* motion to exclude testimony regarding the entire market value rule and evidence [offered by damages expert] that the sales of computers by [defendant] form[ed] the royalty base where the *Daubert* motion had already been denied); *TransData, Inc. v. Centerpoint Energy Houston Electric LLC et al.*, No. 6:10-cv-00557-RWS-JDL Dkt. No. 262 at 3

---

[2] Unilin has filed a Motion to Strike One of Vilox's Multiple *Daubert* Motions. *See* Dkt. 143.

████████████████████████████████

(E.D. Tex. July 1, 2016) (denying MIL where the same issue was ruled on in regard to a *Daubert* challenge); *Lone Star Technological Innovations, LLC v. ASUS Computer International et al.*, No. 6:19-cv-00059-RWS Dkt. No. 324 at 6 (E.D. Tex. June 23, 2022) (denying MIL as moot in view of the Court's denial of a *Daubert* motion covering the same subject matter). Unilin opposes this MIL for the same reasons it opposed Vilox's Motion to Exclude. *See* Dkt. 145 (Unilin's Opposition to Vilox's Motion to Exclude); Dkt. 143 (Unilin's Motion to Strike One of Vilox's Multiple *Daubert* Motions); Dkt. 158 (Unilin's Sur-Reply to Vilox's Motion to Exclude).

**Second,** even if this were the proper subject matter of a MIL, discussion of the royalty rates for licenses that include the Asserted Patents cannot be excluded. The royalty rates in the Unilin license agreements reviewed by Ms. Rowe are critical to Ms. Rowe's damages opinions. Indeed, this royalty rate is arguably the most relevant *Georgia Pacific* factor—amounts in patent licenses paid for licenses to the patents-in-suit. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) ("Actual licenses to the patented technology are **highly probative** as to what constitutes a reasonable royalty for those patent rights because such actual licenses most clearly reflect the economic value of the patented technology in the marketplace.") (citation omitted).

**Third,** Vilox will face no undue prejudice from introduction of Unilin's royalty rates. Indeed, Vilox states "the documents speak for themselves." In other words, Vilox seems to admit that this royalty rate itself may be admitted through the license agreements themselves, and it is entirely proper for Ms. Rowe to offer expert analysis of the rate as she sets forth her damages opinions, and for Unilin's fact witnesses to explain the context for, and negotiations of, those license agreements.[3] Any prejudice experienced by Vilox is properly resolved through cross-

---

[3] Vilox did not take any deposition of Unilin fact witnesses to learn more about these licenses.

examination, not exclusion. *See, e.g.*, *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070-JRG-RSP, 2020 U.S. Dist. LEXIS 132122, at *5 (E.D. Tex. July 27, 2020) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993)) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Again, much like Unilin explained in its Opposition to Vilox's Motion to Exclude, Vilox's disagreement with Ms. Rowe's conclusions does not warrant exclusion of her testimony or of the licenses themselves. *See* Dkt. No. 145.

**Fourth**, Vilox's reliance on *MLC I* is misplaced. *See* Vilox MILs at 3, n. 5 (citing *MLC Intell. Prop., LLC v. Micron Tech., Inc. (MLC I)*, No. 14-cv-03657, 2019 U.S. Dist. LEXIS 110882 (N.D. Cal. July 2, 2019)). *MLC I* had entirely different considerations where the expert's opinion that certain licenses "'reflect[ed]' a 0.25% royalty rate [wa]s speculative and not based on the facts of the actual licenses." *Id.* at *38. This was because "[b]oth liceneses [were] lump sum agreements, and there [was] no explanation in the agreements regarding how the lump sum amounts were calculated." *See id.* In other words, there was no underlying factual evidence supporting the inferred royalty rate in *MLC I*. *See id.* In contrast, there is an overwhelming amount of factual evidence regarding the Unilin royalty rate, which is literally a running royalty rate in most of its agreements for SPC "Basic Click" products. *See e.g.*, Dkt. 145 at Section B (describing the extensive factual analysis by Ms. Rowe including review and analysis of hundreds of Unilin's license agreements and all of the produced Vilox license agreements).

Vilox's reliance on other Federal Circuit cases is similarly misplaced as experts in those cases presented little to no analysis of the value of the technology, whereas here, Ms. Rowe engages in extensive economic and technical analysis, and the licenses were already limited to exclusively the SPC ▮▮▮▮▮ technologies accused of infringement. *See* Vilox MILs at 3, n. 6;

6

*LaserDynamics*, 694 F.3d at 79-80 (expert excluded under FRE 702 where the royalty rate provided by the expert was "untethered" from the patented technology at issue and many licenses thereto); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1335-1336 (Fed. Cir. 2009) ("When the evidence is viewed *in toto*, the jury's award of a lump-sum payment of about $358 million does not rest on substantial evidence and likewise against the clear weight of the evidence."); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328-29 (Fed. Cir. 2014) (noting the expert "did not even attempt to subtract any other unpatented elements from the base, which therefore included various features indisputably not claimed"). Further, none of the cases relied on by Vilox support that this request is proper as a *limine* motion. Instead, they all go to the admissibility of expert testimony which is properly handled through *Daubert*, as described above. *See Core Wireless Licensing S.a.r.l v. LG Electronics, Inc. et al.*, No. 2:14-cv-00912, Dkt. 108 (E.D. Tex. Feb. 21, 2019) (backdoor motions impersonating *Daubert* motions, are improper as *limine* motions).

Vilox MIL No. 2 should be denied.

## III.    MIL #3: PRECLUDE ANY EXPERT FROM TESTIFYING THAT THE ASSERTED PATENTS WERE ▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

As with Vilox MIL No. 2, Vilox MIL No. 3 should be denied because (1) this MIL overlaps with Vilox's Motion to Exclude, (2) the evidence is proper testimony; (3) it would not unduly prejudice Vilox; and (4) case law does not support exclusion of the evidence.

***First*,** this MIL also overlaps with Vilox's Motion to Exclude and is an improper MIL. *Core Wireless Licensing*, No. 2:14-cv-00912, Dkt. 108. Of course, if that Motion is denied, this MIL must also be denied. As a preliminary matter, Unilin opposes this MIL for the same reasons it opposed Vilox's Motion to Exclude. *See* Dkt. 145; Dkt. 143; Dkt. 158.

***Second*,** there is nothing improper about this testimony. Vilox never sought a single interrogatory, RFA, or deposition regarding Unilin's licenses, and cannot complain now about the

7

████████████████████████████████████████████████

introduction of supporting factual information it did not explore during discovery. The source of Ms. Rowe's information was Mr. Bart Van der Stock, who personally oversees Unilin's licensing program. Mr. Van der Stockt is a percipient witness who is actively involved in Unilin's patent licensing and can testify at trial regarding the broad coverage of the asserted patents compared to other patents in the ███████ portfolio. Through its MIL, Vilox indirectly attempts to exclude proper factual testimony without any legal basis to do so.

**Third,** Vilox will face no undue prejudice from introduction of this testimony, and has not claimed that it would. *See, e.g., Brazos River Auth.*, 469 F.3d at 427 ("'Unfair prejudice' as used in rule 403 is not to be equated with testimony that is merely adverse to the opposing party. Virtually all evidence is prejudicial; otherwise it would not be material."). This certainly does not rise to the type of evidence properly excluded by a motion *in limine*—namely, evidence "that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury." Dkt. 134 (Third Amended Docket Control Order). Any perceived prejudice to Vilox can be resolved by cross-examination. *See GREE, Inc.*, 2020 U.S. Dist. LEXIS 132122, at *5.

**Fourth,** Vilox's string cite of case law purporting to show that "qualitative" analyses are *per se* insufficient evidence to support a portfolio rate does nothing to support its MIL. *See* Vilox MILs at 3, n. 8. The cases turn on evaluation of expert testimony under *Daubert* and appeals of damages awards. *See Jiaxing Super Lighting Elec. Appliance, Co., Ltd. v. CH Lighting Tech. Co., Ltd.*, 146 F.4th 1098, 1112 (Fed. Cir. 2025); *Commonwealth Sci. & Indus Rsch. Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015); *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1344 (Fed. Cir. 2025). None support that this request is proper as a *limine* motion, instead of an attempt to expand its *Daubert* briefing pages. The fact that SPC ███████ products cannot be sold

8

██████████████████████████████████████████████

without infringing the Asserted Patents will be part of the fact and expert testimony in evidence at trial.

Regardless, as Unilin described in its Opposition to Vilox's Motion to Exclude, Ms. Rowe did engage in detailed analysis and properly determined a reasonable royalty in view of all of the relevant facts and all of the *Georgia-Pacific* factors, particularly as compared to the experts in the cited case law. *See* Dkt. 145 at Section B. ███████████████████████████████

██████████████████████████████████████████████

████████████████████; Ex. 2 at ¶¶ 14, 128-139, and Exhibit 6.0. Taking *EcoFactor* as an example, the expert determined a per-unit royalty rate from lump-sum payment amounts in allegedly comparable licenses. 137 F.4th at 1344. To reach the per unit amount, the expert relied on testimony from EcoFactor's CEO, which was improper as no one at EcoFactor had knowledge of the unit sales necessary to infer a royalty rate from the lump sum amounts. *Id.* As to *Jiaxing*, the expert there offered a per-unit royalty rate and based their conclusions on settlement agreements that provided no indication that the licensees agreed to a royalty rate. 146 F.4th at 1112.

Ms. Rowe's testimony can be distinguished from the experts in *EcoFactor* and *Jiaxing* as the baseline ████████ running royalty rate she opined on was the result of extensive analysis throughout her report based on all of the *Georgia-Pacific* factors and including Unilin's and Vilox's license agreements. She also relied on conversations with Mr. Van der Stockt (that Vilox never investigated or sought discovery regarding) as to the value of the Asserted Patents when negotiating Unilin's various licensed portfolios (which each carry a literal running royalty rate on the face of Unilin's agreements for licenses to SPC ████████ products) supported by technical analysis by Unilin's technical expert, Mr. Phillips regarding the infeasibility of making SPC ████

████ products without infringing the Asserted Patents. *See* Ex. 2 at ¶ 111. Her reliance on Unilin's

and Vilox's comparable licenses is a favored method of damages calculations by the Federal

Circuit, as indicated by cases cited by Vilox. *See* Vilox MILs at 3, n. 8 (citing *Commonwealth Sci.*,

809 F.3d at 1302 (acknowledging that "[w]here the licenses employed are sufficiently comparable

. . . [the method of apportioning rates from comparable licenses] is typically reliable because the

parties are constrained by the market's actual valuation of the patent")).

Vilox MIL No. 3 should be denied.

## IV.    MIL #4: PRECLUDE ANY EXPERT WITNESS FROM TESTIFYING ON WHAT A PARTY KNEW, INTENDED, OR DELIBERATELY DID.

Vilox MIL No. 4 should also be denied because (1) this MIL overlaps with Vilox's Motion

to Exclude, (2) the evidence is proper testimony; (3) it would not unduly prejudice Vilox; (4) case

law does not support exclusion of the evidence; and (5) "an opinion is not objectionable just

because it embraces an ultimate issue." (Fed. R. Evid. 704(a)).

***First***, Vilox again attempts to recast its *Daubert* Motion as a MIL. Vilox MIL No. 4 is

directly covered by Vilox's Motion to Exclude testimony from Unilin's technical expert, Mr.

Phillips. *See* Dkt. 141. This is not proper subject matter for a MIL. *Core Wireless Licensing*, No.

2:14-cv-00912, Dkt. 108; *see also Retractable Technologies, Inc. v. Becton Dickinson and

Company*, No. 2:08-cv-00016-ALM, Dkt. 488 at 9 (E.D. Tex. Aug. 14, 2013). Unilin opposes this

MIL for the same reasons it opposed Vilox's Motion to Exclude. *See* Dkt. 145; Dkt. 143; Dkt. 158.

***Second***, as described in its Opposition to Vilox's Motion to Exclude, Mr. Phillips'

testimony is proper. *Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD.*, 684 F. Supp. 3d 570,

578 (E.D. Tex. 2023) (an expert "***may*** testify as to the underlying facts that in his opinion may

show Defendants' state of mind.") (cited by Vilox MILs at 4, n. 10). It offers technical analysis as

to Vilox's knowledge of the manufacturing and composition of SPC that will help the Jury

10



understand the circumstantial evidence of indirect infringement. Vilox completely ignores the technical value of Mr. Phillips' testimony. *See* Vilox MILs at 4; *see e.g.,* Ex. 1 (Excerpted Report of Mr. Phillips' Report) at ¶ 1001 ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

▮▮▮▮ ); ¶ 1002 ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ ); *see also generally* Ex. 1 at Section XIII.

**Third,** as with its other MILs, Vilox is not prejudiced by this admissible evidence, and even if it were, it will have the opportunity to cross-examine Mr. Phillips on his opinions. *See GREE, Inc.*, 2020 U.S. Dist. LEXIS 132122, at *5. That Vilox did not even attempt to depose Mr. Phillips to seek information regarding the basis for his opinions is no reason to exclude his testimony.

**Fourth,** Vilox's cited case law does not support exclusion of Mr. Phillips' testimony. *See* Vilox MILs at 4, n. 11, 12; *Gree, Inc. v. Supercell Oy*, No. 2:19-CV-00071-JRG-RSP, 2020 U.S. Dist. LEXIS 126913, at *5 (E.D. Tex. July 20, 2020) ("Experts ***can opine***, however, on the underlying facts that may show a party's state of mind.") (citation omitted); *Retractable Techs. Inc. v. Abbott Labs, Inc.*, No. 5:05-cv-157, 2010 U.S. Dist. LEXIS 152797, at *5 (E.D. Tex. June 18, 2010) (expert testimony was excluded where expert had "no basis to support" his opinions regarding corporate beliefs, intent, or knowledge, and "***absent any testimony from corporate representatives*** or similar witnesses," about corporate intent, the expert's testimony would be improper.). Unlike those cases, Mr. Phillips's opinions were based on underlying facts that in his opinion show Vilox's state of mind and include admissions from Vilox. *See Atlas Glob. Techs.*, 684 F. Supp. 3d at 578; *see also* Dkt. 145, 5-9; Dkt. 158, 3-4. His testimony should not be excluded

11

just because Vilox disagrees with his conclusions.

*Fifth*, Fed. R. Evid. 704(a) clearly states that "an opinion is not objectionable just because it embraces an ultimate issue." While Rule 704(b) states that experts may not testify about whether a defendant did or did not have the requisite mental state in a ***criminal*** case, the omission of this exclusion for civil cases means experts may testify about the facts supporting requisite mental state in civil cases, and even embrace the ultimate issue of whether Vilox was aware of the infringement.

Vilox MIL No. 4 should be denied.

## V.    MIL #5: PRECLUDE ANY ARGUMENT OR TESTIMONY THAT VILOX DIRECTLY OR CONTRIBUTORILY INFRINGED THE ASSERTED PATENTS.

Vilox MIL No. 5, like MIL Nos. 2, 3, and 4, is not the proper subject matter of a MIL. Rather, this MIL is nakedly a motion for summary judgment of no direct infringement and a motion for summary judgment of no contributory infringement in disguise. *Core Wireless Licensing*, No. 2:14-cv-00912, Dkt. 108 ("What motions *in limine* are *not* designed to do, however, is to replace the dispositive motions prescribed by the Federal Rules of Civil Procedure and the deadlines afforded by this Court. Such backdoor motions, usually impersonating *Daubert* motions, are routinely denied by the Court and are not proper as a *limine* motion.") (emphasis in original). Vilox has already moved for summary judgment of no direct infringement and no contributory infringement. *See* Dkt. 68. This MIL is improper. *See Maxell ltd. v. Apple Inc.*, No. 5:19-cv-0036-RWS Dkt. 634 at 2 (E.D. Tex. Feb. 26, 2021) (denying MIL that was duplicative of a motion for summary judgment that had already been denied). Obviously, if Vilox's MSJ is denied, this MIL must be denied. Unilin opposes this MIL for the same reasons Unilin opposes Vilox's Motion for Summary Judgment. *See* Dkt. 74; Dkt. 82. This motion is simply an additional MSJ filed far after the MSJ deadline.

Vilox MIL No. 5 should be denied.

████████████████████████████████████████████

## CONCLUSION

Unilin respectfully requests the Court deny Vilox's Motions *in Limine* Nos. 1-5.

██████████████████████████████

DATED: October 27, 2025                    Respectfully submitted,

/s/ *John Haynes*
John Haynes (GA Bar No. 340599)
Shri Abhyankar (GA Bar No. 484680)
Carter Babaz (GA Bar No. 577033)
Eric Pettis (GA Bar No. 360485)
**Alston & Bird LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 408-881-7000
FAX: 404-881-7777
Email: John.Haynes@alston.com
Email: Shri.Abhyankar@alston.com
Email: Carter.Babaz@alston.com
Email: Eric.Pettis@alston.com

Brady Cox (TX Bar No. 24074084)
**Alston & Bird LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: 214-922-3400
Fax: 214-922-3899
Email: Brady.Cox@alston.com

*Counsel for Unilin BV*

14

█████████████████████████████████████████

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 27, 2025.

*/s/ John Haynes*
John Haynes

██████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████

███████████

15