# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| UNILIN BV, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| VILOX SWEDEN AB, ASIA US | § | CIVIL ACTION NO. 2:24-CV-40-JRG |
| INDUSTRIAL JOINT STOCK | § | |
| COMPANY, and EAST TEXAS FLOORS | § | |
| & MORE LLC, | § | |
| *Defendants.* | § | |

## ORDER ON PRETRIAL MOTIONS, MOTIONS *IN LIMINE*, AND EXHIBITS

The Court held a Pretrial Conference in the above-captioned case on November 7, 2025. At the Conference, the Court ruled on several pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Unilin BV and Defendants Vilox Sweden AB, Asia US Industrial Joint Stock Company, and East Texas Floors & More LLC. (Dkt. Nos. 68, 97, 140, 141, 143, 155, 157, 171). This Order memorializes the Court's rulings on the pretrial motions and MILs as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings in the record as announced from the bench. Accordingly, it is hereby **ORDERED** as follows:

## 1. Plaintiff's Motion to Dismiss Claims Against East Texas Floors (Dkt. No. 171)

The Court **GRANTED** Plaintiff's Motion to Dismiss its claims against Defendant East Texas Floors & More LLC **WITHOUT PREJUDICE**. Defendants East Texas Floors & More LLC and Asia US Industrial Joint Stock Company did not oppose the motion; Defendant Vilox Sweden AB did oppose the motion. (Dkt. No. 171, at 4). Without counterclaims against Plaintiff

or cross-claims asserted by a co-defendant, the Court found no reason to deny the dismissal by Plaintiff of East Texas Floors from this case.

**2.      Plaintiff's Motion for Partial Summary Judgment of Direct Infringement (Dkt. No. 140)**

The Court **DENIED** the motion.  The Court found that genuine disputes of material fact preclude summary judgment in Plaintiff's favor on the issue of direct infringement of the Asserted Patents, particularly because "issues of fact . . . remain with regard to who actually undertakes the acts of infringement that are alleged to have occurred."

**3.      Defendant Vilox Sweden AB's Motion for Summary Judgment on Infringement (Dkt. No. 68)**

The Court **DENIED** the motion.  The Court found that genuine disputes of material fact preclude summary judgment in Vilox's favor on the issues of direct, induced, and contributory infringement.

**4.      Defendant Vilox Sweden AB's Motion for Summary Judgment on License (Dkt. No. 97)**

The Court **DENIED** the motion.  The Court found that genuine disputes of material fact preclude summary judgment in Vilox's favor on the license issue.

**5.      Plaintiff's Motion to Strike One of Vilox's Multiple *Daubert* Motions (Dkt. No. 143)**

The Court **GRANTED** the motion.  The Court found that Vilox had "effectively presented" two *Daubert* motions despite its binding stipulation that it would only present one.  The Court afforded Defendant Vilox the opportunity to elect which of its *Daubert* motions to pursue.  Vilox acknowledged such ruling and chose to maintain its challenge to the opinions presented by Ms. Julia Rowe.  This election foreclosed any complaint Vilox had as to Mr. Lee Phillips.

**6.      Defendant Vilox's Motion to Exclude Plaintiff's Experts (Dkt. No. 141)**

The Court **DENIED** the Motion as pertaining to the testimony of Ms. Julia Rowe. Specifically, the Court overruled challenges to (1) Ms. Rowe's use of a rate of $0.85/m^2$, (2) Ms. Rowe's comparability/built-in-apportionment analyses, (3) Ms. Rowe's *Georgia-Pacific* analysis, and (4) Ms. Rowe's inclusion of pre-suit damages as part of her royalty base.

Given its ruling regarding Dkt. No. 143 and Defendant Vilox's election thereafter, the Court did not address the portion of Dkt. No. 141 pertaining to Mr. Lee Phillips.

<u>**MOTIONS *IN LIMINE***</u>

In addition to the Court's Standing Order on Motions *In Limine* issued August 22, 2025, it is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**1.      Plaintiff's MILs (Dkt. No. 155)**

<u>Plaintiff's MIL 1</u>:      **The parties shall be precluded from introducing evidence, testimony, or argument about allegations of unfair competition, antitrust, or attempts to put competitors out of business.**

The Parties agree that Plaintiff's MIL 1 should be granted.  (Dkt. No. 167, at 1). Accordingly, it is **ORDERED** that such MIL is **GRANTED**.

<u>Plaintiff's MIL 2</u>:      **The parties shall be precluded from introducing evidence, testimony, or argument regarding attempts to "harass" the customers or licensees of any party.**

The Parties agree that Plaintiff's MIL 2 should be granted.  (Dkt. No. 167, at 1). Accordingly, it is **ORDERED** that such MIL is **GRANTED**.

<u>Plaintiff's MIL 3</u>: **The parties shall be precluded from introducing evidence, testimony, or argument regarding overall market share not directly relevant to any damages theory.**

The Court **GRANTED** this MIL. However, the Court clarified that the Parties may, as always, approach the bench to ask for leave to inquire into a particular line of questioning if they feel as if the door to such line of questioning has been opened.

**2. Defendant Vilox's MILs (Dkt. No. 157)**

<u>Vilox's MIL 1</u>: **Preclude any discussion of the Joint Stipulation between Unilin and Vilox, including as evidence of mental state or knowledge of infringement, or any other reason..**

The Court **GRANTED** this MIL. The Court emphasized that the "substance of the stipulation . . . is relevant to the trial of this case and needs to be conveyed to the jury" but instructed the Parties to "meet and confer and jointly propose to the Court an instruction to give to the jury that conveys the substance of the stipulation." Such proposed instruction is to be tendered when juror notebooks are delivered to Chambers prior to trial.

<u>Vilox's MIL 2</u>: **Preclude discussion of Unilin's patent license agreements reflecting a $0.85 per square-meter rate for the Asserted Patents.**

Defendant Vilox withdrew this MIL. Accordingly, it is **WITHDRAWN**.

<u>Vilox's MIL 3</u>: **Preclude any expert from testifying that the Asserted Patents were "key," necessary, or otherwise driving factors for Unilin's patent licensing program.**

Defendant Vilox withdrew this MIL. Accordingly, it is **WITHDRAWN**.

Vilox's MIL 4: **Preclude any expert witness from testifying on what a party knew, intended, or deliberately did.**

The Court **DENIED** this MIL, finding that its substance would have been more properly addressed in a *Daubert* motion and that a party's state of mind goes beyond the expertise of a technical or damages expert.

Vilox's MIL 5: **Preclude any argument or testimony that Vilox directly or contributorily infringed the Asserted Patents.**

Defendant Vilox withdrew this MIL. Accordingly, it is **WITHDRAWN**.

## EXHIBIT DISPUTES

The Court ruled on exhibit list issues as reflected in the record. In light of the Court's rulings, the Parties are **ORDERED** to file (and provide to the Courtroom Deputy) updated exhibit lists on or before November 21, 2025, which reflect both the Parties' agreements as announced into the record and those specific rulings of the Court on disputed exhibits.

**So ORDERED and SIGNED this 12th day of November, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE